**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| TOMMIE L. VANDERPOOL, ) | |
| ) | |
| Plaintiff, ) | No. 03:10-cv-06264-HU |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **FINDINGS AND RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

_____

Mark A. Manning
Kathryn Tassinari
Harder, Wells, Baron & Manning, P.C.
474 Willamette Street, Suite 200
Eugene, OR 97401

   Attorneys for Plaintiff


S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

David Morado
Regional Chief Counsel, Region X, Seattle
J. Ricardo Hernandez
Special Assistant United States Attorney
Social Security Administration
Office of the General Counsel
1301 Young Street, Suite A-702
Dallas, TX 75202

    Attorneys for Defendant


1 - FINDINGS & RECOMMENDATION

HUBEL, United States Magistrate Judge:

The plaintiff Tommie L. Vanderpool brought this action for judicial review of the Commissioner's decision denying her applications for Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, and Supplemental Security Income under Title XVI of the Act. In Findings and Recommendation entered June 14, 2012, the undersigned recommended that the Commissioner's decision be reversed, and the case be remanded for further proceedings. Dkt. #20. Neither party filed objections to my recommendation, and on July 5, 2012, Judge Michael W. Mosman adopted my recommendation, entering judgment for Vanderpool. Dkt. ##22 & 23.

Vanderpool now moves for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA), in the amount of $5,146.25, and costs of $350.00. Dkt. ##24 & 25. The amount of attorney's fees represents a settlement and stipulation between the parties. *See* Dkt. #24. For the reasons set forth below, I recommend the motion be granted.

EAJA requires an award of attorney's fees to a prevailing plaintiff in a Social Security appeal, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). In the present case, based on my previous finding that the Administrative Law Judge erred in his evaluation of the evidence, I conclude that the defendant's position was not substantially justified, and thus an award of EAJA fees is appropriate.

2 - FINDINGS & RECOMMENDATION

Determining that a plaintiff is a "prevailing party" for purposes of an entitlement to EAJA fees is only the first step in considering a motion for EAJA fees. "It remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). The *Hensley* court observed that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," *id.*, which calculation results in a "lodestar." *Webb v. Ada County, Idaho*, 195 F.3d 524, 527 (9th Cir. 1999) (citing *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995)). The lodestar may be adjusted to reflect the results obtained in the case. *Id.* (citing *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995)). The district court enjoys "considerable discretion . . . in determining what attorney's fee is reasonable." *Id.*

The court first will look at "the number of hours reasonably expended on the litigation." *Hensley, supra*. The time records submitted with the plaintiff's motion indicate that attorney Kathryn Tassinari expended 28.55 hours in this case (2.7 hours in 2010, 24.15 hours in 2011, and 1.7 hours in 2012). Preliminarily, the court notes that an expenditure of 28.55 hours falls within the twenty to forty hour range Judge Michael W. Mosman found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007) (noting "some consensus among the district courts" on this point; citing cases). Judge Mosman agreed that "[a]bsent unusual circumstances or complexity, . . .

3 - FINDINGS & RECOMMENDATION

this range provides an accurate framework for measuring whether the amount of time counsel spent is reasonable." *Id.*

In the present case, the administrative record was 578 pages long. The plaintiff's opening brief was twenty pages long, and raised four issues requiring legal analysis of the ALJ's treatment of the evidence and his conclusions. After review of the Commissioner's nineteen-page brief, the plaintiff filed an eleven-page reply. The attorney's time records indicate the time expended by counsel in this case was reasonable. None of the entries represents clerical or secretarial tasks not payable under EAJA. *See, e.g., Gough v. Apfel*, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) (noting that "[p]urely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees"). I therefore conclude that the 28.55 hours expended by the plaintiff's counsel in this case is reasonable under the circumstances.

In considering the applicable hourly rate, the statute itself sets a $125 per hour ceiling[1] "unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). To adjust for the cost of living, the Ninth Circuit applies the national Consumer Price Index for All Urban Consumers (the "CPI-U"), not seasonally adjusted, and applying the "all items" index. *Jones v. Espy*, 10 F.3d 690, 692-93 (9th Cir. 1993). The cost-of-living increase is "calculated by multiplying the $125 statutory maximum hourly rate by the . . .

---

[1]Congress raised the rate for EAJA fees from $75 to $125 per hour in 1996. The CPI-U index, all items, not seasonally adjusted for 1996, was 155.7.

4 - FINDINGS & RECOMMENDATION

CPI-U for the years in which the attorney's work was performed and dividing by the CPI-U figure for March 1996 (155.7), the effective date of the statutory maximum hourly rate." *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009) (citing *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005)).

The EAJA-adjusted hourly rate for 2010 is $175.06[2]; for 2011 is $180.59[3]; and for 2012 is $184.95.[4] Multiplying counsel's hours for the respective years results in attorney fees of $472.66 for 2010 (2.7 hours x $175.06); $4,361.25 for 2011 (35.7 hours x $180.59); and $314.42 for 2012 (1.7 x $184.95); for a total of $5,148.33 for all three years. This amount is $2.08 more than the $5,146.25 to which the parties have stipulated.

Accordingly, I recommend that the plaintiff's motion (Dkt. #24) for EAJA fees in the amount of $5,146.25 and costs in the amount of $350.00 be granted.

### *SCHEDULING ORDER*

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due **November 2, 2012**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due by **November 19, 2012**. When the response is

---

[2] $125 x (2010 annual index of 218.056/155.7) = $175.06.

[3] $125 x (2011 annual index of 224.939/155.7) = $180.59.

[4] $125 x (2012 index for August, the most recently-available month, of 230.379/155.7) = $184.95.

5 - FINDINGS & RECOMMENDATION

due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 16th day of October, 2012.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
Unites States Magistrate Judge

6 - FINDINGS & RECOMMENDATION